IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LITTLE LAGOON PRESERVATION SOCIETY, INC., | : : : |
| Plaintiff, | : : |
| v. | :   CIVIL ACTION 06-0120-M : |
| UNITED STATES ARMY CORPS OF ENGINEERS, et al., | : : : |
| Defendants. | : |

MEMORANDUM OPINION AND ORDER

This action comes before the Court on Defendants' Motion to Dismiss (Docs. 17-18).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 26).  After consideration, Defendants' motion is **GRANTED**.

The facts of this case, very briefly, are as follows.  On May 8, 2000,[1] the predecessor to Sea Mist, Inc. (hereinafter *Sea Mist*)[2] applied to the Defendant U.S. Army Corps of Engineers (hereinafter *Corps*) and the State of Alabama under Section 404 of

---

[1] Though the application is dated February 8, 2000, it was not signed until May 8, 2000 (Doc. 27, Exhibit A).

[2] Sea Mist is not a party to this action.

the Clean Water Act[3] for a permit "for a proposed single family residential development just off West Beach Boulevard in Gulf Shores, Alabama" which would be known as Laguna Cove (*see* Doc. 18, pp. 3-4; Doc. 27, p. 1).  The proposal included seventy-three lots, a pool, pool house, and a pier accommodating seventy-three boat slips on Little Lagoon (Doc. 27, Exhibit A, p. 1).  On November 21, 2005, the Corps issued a "Provisional Permit" describing work which would be allowed on the modified development (*see* Doc. 18, Exhibit A).[4]

On March 1, 2006, Plaintiff Little Lagoon Preservation Society, Inc.[5] (hereinafter *Little Lagoon*) commenced this action, seeking a declaratory judgment as to whether the Corps, and other named Defendants, had violated federal law (Doc. 1).  Besides the Corps, Plaintiff also named Peter F. Taylor, Jr. (the Mobile District Corps Engineer), Glen A. Cunningham (Corps Project Manager, Regulatory Commission), and Davis L. Findley (Chief of the Corps Coastal Branch Regulatory Division) as Defendants in

---

[3]The Court has reviewed the application and finds no assertion that the application was made under any particular law.  However, the parties agree that it was a Section 404 permit.  Defendants further assert that the application was made pursuant to Section 10 of the Rivers and Harbors Act (Doc. 18, p. 4) though Plaintiff seems to dispute this (*see* Doc. 27, p. 2 n.2).

[4]The Court notes that the "Provisional Permit" is entitled "Department of the Army Permit," and is both undated and unsigned (Doc. 18, Exhibit A).  Plaintiff and Defendants refer to the Permit as a "Provisional Permit" (Doc. 18, p. 4; Doc. 27, p. 3).

[5]Plaintiff characterizes itself as "an Alabama non-profit corporation incorporated on November 20, 1991" (Doc. 1, ¶ 1).

this action (Doc. 1, ¶¶ 2-5).  On May 31, 2006, Defendants filed a Motion to Dismiss (Docs. 17-18); Plaintiff filed a Response (Doc. 27) to which Defendants Replied (Doc. 35).  The parties agree that jurisdiction arises exclusively under the Administrative Procedures Act, 5 U.S.C. § 706 (Doc. 18, p. 11; Doc. 27, p. 8).

When considering a motion to dismiss, the Court accepts as true the non-moving party's allegations.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).  "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *Id*. (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Defendants claim that this action should be dismissed because the Provisional Permit is not a final action and is, therefore, not reviewable (Doc. 18, pp. 11-26).  Defendants specifically reference the following federal statutory language:

> Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.  A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action."

5 U.S.C.A. § 704.  The Supreme Court, in *Bennett v. Spear*, 520 U.S. 154, 177-78 (1997), established a two-part test for

determining whether an agency action is final:  "First, the action must mark the 'consummation' of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature.  And second, the action must be one by which 'rights or obligations have been determined,' or from which 'legal consequences will flow'" (*id.*) (citations omitted).

The Provisional Permit, as noted earlier is both undated and unsigned (Doc. 18, Exhibit A).  Additionally, in that permit, reference was made to water quality certification by the Alabama Department of Environmental Management and an opinion concerning the Alabama Beach Mouse by the U.S. Fish and Wildlife Service as being special conditions of the permit (Doc. 18, Exhibit A, p. 3, ¶ 6m).  On the other hand, the permit also states the following: "You have been authorized to undertake the activity described above pursuant to Section 10 of the Rivers and Harbors Act of 1899 (33 U.S.C. 403)" (*id.* at p. 3).

A cover letter dated November 21, 2005 on Corps stationary, accompanied the Provisional Permit and referred to it as being provisional and further stated that "[**t**]**he Provisional Permit is NOT VALID and does not authorize you to do your work**" (Doc. 18, Exhibit B, p. 1; *see also* Doc. 18, pp. 4-6) (capital letters, bold print, and underline in original).  The letter later states that "[**n**]**o work is to be performed in the waterway or adjacent wetlands until you have received a validated copy of the DOA**

4

**permit**" (*id.*) (bold print and underline in original).  The letter also stated that "[i]f the State fails or refuses to act by May 17, 2006, the Section 401 Water Quality Certification requirement will be automatically waived" (*id.*).

Overall, the evidence indicates that, as of the filing of this action, no permit has been granted.  An undated, unsigned permit accompanied by a letter stating that the permit is not valid is pretty strong evidence that no permit has been issued.  It would appear that the *Bennett* test has not been met.

The Court further notes that Plaintiff, in a footnote, set out the following:

> As of the date of filing this brief [July 26, 2006] in Response to Defendants' Motion to Dismiss, both the Alabama Water Quality Certification and Coastal Zone Management consistency determination was granted by the state.  Assuming the final permit has not already been issued by the U.S. Army Corps of Engineers, all that remains prior to issuance of the final permit is the signature of the applicant, the Corps of Engineers, and payment of the $100.00 permit fee.

(Doc. 27, p. 12 n.3).  This language by Plaintiff further indicates to the Court that the Corps has not taken final action.

Nevertheless, Plaintiff has pointed to an Eighth Circuit case, and argued that an agency's actions may be considered final even though some issues might be unresolved (Doc. 27, pp. 8-23).  Specifically, in *Sierra Club v. U.S. Corps of Engineers*, 446 F.3d

5

808, 813 (8th Cir. 2006), the Court of Appeals held that "if the agency has issued 'a definitive statement of its position, determining the rights and obligations of the parties,' that action is final for purposes of judicial review despite the 'possibility of further proceedings in the agency' to resolve subsidiary issues."  *Id.* (quoting *Bell v. New Jersey*, 461 U.S. 773, 779-80 (1983)).  In making this argument, Plaintiff directs the Court's attention to an Environment Assessment and Decision Document issued by the Corps on November 21, 2005 over Defendant Cunningham's signature which concluded that the proposed development would cause no significant impact and, therefore, an Environmental Impact Statement would not be required (Doc. 27, pp. 9-10; Exhibit B, p. 15, ¶ 19).

 Before examining that document or Plaintiff's argument, however, the Court notes that Defendants assert that *Sierra Club* is inapplicable because it concerns a different Corps program than the one being considered here (Doc. 18, pp. 24-26; Doc. 35, pp. 4-10).  Defendants state that the Corps has two different types of programs and that judicial review is different for the two.  The first is its Civil Works Program which "includes projects that provide for flood protection, water supply, coast line protection, hydropower, disaster preparation and response, environmental restoration, as well as recreational opportunities (http://www.usace.army.mil/public.html#Civil)" (Doc. 35, p. 7);

often, these projects are joint projects among federal, state, and local partners (*id.*).  The second program is the Regulatory Permitting Program which regulates private individual and business permits involving wetlands and waterways (*see* http://www.usace.army.mil/public.html#Regulatory).   Defendants assert that the permit under consideration here is the second type.

*Sierra Club* concerned a Federal Emergency Management Agency project, completed in cooperation with Jefferson City, Missouri, which implemented a Corps proposal "to construct a levee [] to reduce the risk of future flooding along the banks of the Missouri River."  *Sierra Club*, 446 F.3d at 811.  There would seem to be no dispute that, although the *Sierra Club* case fails to specify in the text of the decision whether that project was being pursued through the Civil Works Program or the Regulatory Permitting Program, it was the former.  If the Court were to accept Defendants' argument, *Sierra Club* would be insignificant here as this action concerns a project being considered through the Regulatory Permitting Program.

Plaintiff has responded by asserting that "Defendants failed to cite to any law which would indicate that judicial review of permit issuance under the regulatory program is different than judicial review of the Corps' actions in execution of the Civil Works Program" (Doc. 27, p. 14).  Plaintiff further points to

several cases as demonstrating that the distinction Defendants assert is unsupported by the law (Doc. 27, pp. 14-18).  The Court will now review those cited cases.

*Florida Wildlife Federation v. United States Army Corps of Engineers*, 401 F.Supp.2d 1298 (S.D. Fla. 2005) concerned a permit issued by the Corps to Palm Beach County and the Scripps Research Institute for the development of 535 acres, including the filling of federally-regulated wetlands, for a Research Park.  A section 404 permit was sought from the Corps which issued the permit (*id.* at 1304-07).  The permit was challenged and the U.S. District Court for the Southern District of Florida determined that the permit had been improperly issued as the Corps considered the environmental impact of the initial application yet failed to consider the impact of the entire project as long-range plans contemplated a 1919-acre project to be developed in stages.

The Court finds *Florida Wildlife Federation* inapposite to this action for two reasons.  First, a permit was issued there so review under *Bennett* was appropriate; here, no permit has been issued.  Second, *Florida Wildlife Federation* contemplated a multiple-stage development; there is no evidence of such here.

Plaintiff also references *Township of Parsippany-Troy Hills v. Costle*, 503 F.Supp. 314, 316 (D.N.J. 1979), *affirmed*, 639 F.2d 776 (3rd 1980), which concerned "a massive three-phased wastewater treatment project" by the Rockaway Valley Regional

Sewerage Authority.  This case, too, can be distinguished in that it was brought pursuant to the provisions of the National Environmental Protection Act (hereinafter *NEPA*); therefore, it "is not an action under the Administrative Procedure Act in which [the Court is] limited to review of 'final agency action.'"  *Id.* at 319.  Likewise, Plaintiff's reliance on *Aberdeen & Rockfish Railroad Company v. Students Challenging Regulatory Agency Procedures*, 422 U.S. 289 (1975) and *Port of Astoria, Oregon v. Hodel*, 595 F.2d 467 (9th Cir. 1979) is misplaced as they, too, are NEPA actions.

The Court has reviewed Plaintiff's cited cases and finds that they fail to support the argument asserted.  Plaintiff is correct, though, in stating that "Defendants failed to cite to any law which would indicate that judicial review of permit issuance under the regulatory program is different than judicial review of the Corps' actions in execution of the Civil Works Program" (Doc. 27, p. 14).  The Court, nevertheless, accepts Defendants' arguments as true and finds that Plaintiff has failed to demonstrate otherwise.  The burden is on Plaintiff to prove that this Court has subject matter jurisdiction over this action. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942).

Defendants have also argued that nothing that has occurred since this action was filed can provide jurisdiction if it did not exist at that time (Doc. 18, pp. 26-28).  The Eleventh

Circuit Court of Appeals, in *Baggett v. First National Bank of Gainesville*, 117 F.3d 1342, 1352 (11th Cir. 1997), has clearly stated that "[t]he question whether subject matter jurisdiction exists is measured as of the time the Complaint was filed."

In conclusion, this Court does not have jurisdiction over this action as the Army Corps of Engineers had not taken final action on the proposed development of Laguna Cove at the time this action was filed.  Therefore, Defendants' Motion to Dismiss is **GRANTED** (Docs. 17-19).  This action is **DISMISSED**.[6]  Judgment will be entered by separate Order.

DONE this 4th day of August, 2006.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE

---

[6]The Court notes that Defendants have raised other claims in connection with their Motion to Dismiss.  However, because the Court has determined that it does not enjoy jurisdiction over this matter and the action is being dismissed, it would be improper to resolve those issues.